[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#102)
On January 24, 1992, the plaintiff, Kar Products, filed a three paragraph complaint against the defendants, Lee Morsey d/b/a L S Construction Company and Steven Hinckley d/b/a L S Construction Company. The plaintiff alleged, inter alia, that on or before May 14, 1990, the plaintiff sold and delivered items to the defendants on open account at agreed upon prices. The defendants allegedly owe the plaintiff $3,270.30, plus interest and, to date, the defendants have failed to pay the plaintiff. Consequently, the plaintiff commenced this action.
On February 24, 1992, the defendants answered the complaint, leaving the plaintiff to its proof with regard to the allegations contained in paragraph 1. The defendants denied the allegations set forth in paragraph 2, and failed to respond to the allegations set forth in paragraph 3. On March 13, 1992, the plaintiff filed a motion for summary judgment, attaching thereto a supporting memorandum. On March 25, 1992, the defendants filed a memorandum in opposition to the motion for summary judgment.
Summary judgment is provided for in Practice Book Sections 378-384, and is a means of eliminating the "delay CT Page 3104 and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990) (quoting Practice Book Section 384). Additionally, the trial court, in ruling on a motion for summary judgment, must "view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 246-47,571 A.2d 116 (1990).
Practice Book Section 112 lists the order of pleadings. That section states, in pertinent part, that "[t]he order of pleading shall be as follows: (1) The plaintiff's complaint. . .(5) The defendant's answer. . .to the complaint. . . ." In the present matter, because the defendants failed to respond to Paragraph 3 of the complaint, their answer is incomplete. Consequently, the pleadings have not been closed. Practice Book Section 112. Therefore, pursuant to Hammer, supra, the plaintiff's motion for summary judgment is denied.
DRANGINIS, JUDGE